UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:   14-62611-CIV-HURLEY

CLIFTON BERNARD BROWN,

    Plaintiff,

v.

LUNA DEVELOPMENT CORP.,
DAVID MEDINA,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS COMPLAINT

Defendants, Luna Development Corp. ("Luna Development") and David Medina ("Medina"), (collectively "the Defendants"), respectfully move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint [ECF No. 1] of Plaintiff, Clifton Bernard Brown ("Brown"), and in support state as follows:

### I.  INTRODUCTION

This case involves Plaintiff's claim to recover unpaid overtime wages allegedly due to him under the Fair Labor Standards Act ("FLSA") during Plaintiff's employment with Defendants. Plaintiff's Complaint, however, contains only generalized allegations of FLSA violations and fails to identify any particular FLSA violation with sufficient specificity to allow Defendants to formulate a responsive pleading. Plaintiff's Complaint merely presents legal conclusions with no allegations of factual support. Plaintiff's Complaint also fails to establish both individual coverage and/or enterprise coverage under the FLSA. Accordingly, Defendants respectfully request that this Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## II. MEMORANDUM OF LAW AND ANALYSIS

### A. Standard for a Motion to Dismiss

Fed. R. Civ. P. 12(b) governs motions to dismiss and allows for dismissal of a claim when a pleading party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court states that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlanta Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that a pleading must provide "more than an unadorned, the-defendant-unlawfully-harmed me accusation"). Instead, a plaintiff must plead enough facts to state a plausible basis for the claim. *Id.*

A Complaint that meets the heightened pleading requirements of *Twombly* and *Ashcroft* is nevertheless deficient if its allegations are so vague and ambiguous that the responding party cannot respond in good faith or without prejudice to himself.[1] Instead, a plaintiff must plead enough facts to state a plausible basis for the claim. *Twombly*, 550 U.S. 544 at 555. In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*; *see also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2013) ("it is clear that in order to satisfy the requirements of Rule 8(a) the pleading must contain something more by way of a claim for relief than a . . . statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

---

[1] *Fed. Ins. Co. v. Bonded Lightning Protection Sys., Inc.*, 2008 U.S. Dist. LEXIS 97952 *6 (S.D. Fla. 2008); *Duran v. City of Satellite Beach*, 2005 U.S. Dist. LEXIS 41795 (M.D. Fla. 2005); 5 Wright & Miller, Fed. Practice & Procedure: Civil § 1356 at 590-591.

This Court states, "As the Supreme Court has stressed, *Twombly* 'expounded the pleading standard for all civil actions'" and FLSA cases are no exception. *Diaz v. U.S. Century Bank*, 2012 U.S. Dist. LEXIS 116877 at *4, note 1 (S.D. Fla. 2012) (holding that a Plaintiff's attempts to "differentiate the heightened pleading requirements of *Twombly* and *Iqbal* from the FLSA context" ignored clear Eleventh Circuit precedent that the heightened pleading standard does not apply to FLSA actions). The assertion of factual conclusions or "legal conclusions masquerading as factual conclusions" fails to satisfy the *Twombly* and *Iqbal* pleading standard. *Twombly*, 550 U.S. at 555; *Diaz*, 2012 U.S. Dist. LEXIS 116877 at *3. Moreover, simply pleading "facts that are merely consistent with a defendant's liability… stops short of [the *Twombly* and *Iqbal* pleading standard]." *Iqbal*, 556 U.S. at 678. Since, as argued below, Plaintiff's Complaint fails to meet these pleading standards, it is deficient and thus the relief requested by Defendants under Fed. R. Civ. P. 12(b)(6) is warranted.

**B.     Plaintiff's Complaint Does Not Meet the *Twombly* and *Iqbal* Pleading Requirements.**

Plaintiff asserts one claim for unpaid overtime wages under the FLSA. Plaintiff's Complaint describes the FLSA violations as follows:

> "At all times material hereto, Plaintiff CLIFTON BERNARD BROWN was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA."[2]
>
> "At all times material hereto, Defendant, LUNA DEVELOPMENT CORP., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of land development and construction, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more."[3]
>
> "Defendant, DAVID MEDINA, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, LUNA DEVELOPMENT CORP.; said Defendant acted and acts directly in the interests of

---

[2] Plaintiff's Complaint, ¶ 2.
[3] Plaintiff's Complaint, ¶ 3.

Defendant, LUNA DEVELOPMENT CORP., in relation to said co-Defendant's employees. Defendant effectively dominates LUNA DEVELOPMENT CORP. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-à-vis its employees and had the authority to direct and control the work of others. Thus, DAVID MEDINA was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. § 203(d)."[4]

"In justifiable reliance upon Defendants' representations and promises, Plaintiff CLIFTON BERNARD BROWN accepted employment and began working for Defendants as a laborer."[5]

"During Plaintiff's employment, Defendants did not pay the full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for every hour worked over 40 each week."[6]

"The records, if any, concerning the date range of Plaintiff's employment, the number of hours Plaintiff actually worked, and the compensation actually paid to Plaintiff are in the possession and/or control of Defendants; however, Plaintiff has attached a statement of claim as Exhibit A to provide initial estimates of the damages. These amounts may change as Plaintiff engages in the discovery process."[7]

"Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages."[8]

The allegations quoted above are little more than a restatement of the jurisdictional requirements of the FLSA and a negative restatement of the requirements of the FLSA- which generally requires (*inter alia*) overtime pay for all hours worked in excess of forty (40) hours per week. Plaintiff has simply attempted (unsuccessfully, as argued below) to assert the formulaic elements of an FLSA claim, with only conclusory factual support. These allegations fail to meet the *Twombly* and *Iqbal* pleading standard since such a simple "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678; *Diaz*, 2012 U.S. Dist. LEXIS 116877 at *3-4.

---

[4] Plaintiff's Complaint, ¶ 4.
[5] Plaintiff's Complaint, ¶ 5.
[6] Plaintiff's Complaint, ¶ 6.
[7] Plaintiff's Complaint, ¶ 7.
[8] Plaintiff's Complaint, ¶ 8.

Additionally, the Complaint does not contain any factually specific (as opposed to factually conclusory) allegations identifying any circumstance, condition, instruction, order, requirement, practice or aspect of Plaintiff's employment which resulted in Plaintiff being forced or permitted to work overtime without proper compensation. For example, the Complaint does not specify if Plaintiff's claim derives from time keeping errors (i.e., malfunctioning time clock, manual or mathematical errors, etc.), off the clock work (forced, inadvertent or otherwise), shaving of time, rounding of time, pre-shift work, post-shift work, weekend work, or any other basis for a viable FLSA overtime claim. Indeed, stripped of its legal conclusions, Plaintiff's Complaint alleges nothing other than a series of factual and legal conclusions which boil down to – "I worked more than 40 hours per week, Defendants failed to pay me my lawful time and one-half wages under the FLSA, Defendants knowingly and willfully violated the FLSA." The *Twomby* and *Iqbal* pleading requirement "demands more than this sort of unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, *citing Twombly*, 550 U.S. at 555.

For these reasons, Plaintiff's Complaint fails to meet the *Twomby* and *Iqbal* pleading requirements and Plaintiff's Complaint should be dismissed for failure to state a cause of action.

**C.      Plaintiff's Complaint Does Not Establish Coverage Under the FLSA.**

The Fair Labor Standards Act "requires employers who meet its preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week." *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010). The FLSA is triggered when either the employer falls under the FLSA's enterprise coverage provision or a particular employee falls under the FLSA's individual coverage provision. *Id*. Specifically, in order to establish a claim under the FLSA, "a plaintiff employee must prove one

of two types of coverage, either: (1) 'individual coverage' in which the employee was 'engaged in commerce or in the production of goods for commerce', or (2) 'enterprise coverage' in which the employee was 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Martinez v. Jade Palace*, 414 Fed. Appx. 243, 244-245 (11th Cir. 2011), *citing* 29 U.S.C. §§ 206(a), 207(a)(1). In this instance, the Court should dismiss Plaintiff's Complaint because Plaintiff has not sufficiently pleaded either theory of coverage.

    *(i)      Plaintiff has not stated a claim for Individual Coverage under the FLSA.*

For individual coverage to apply, the particular employee in question "must be *directly participating in the actual movement* of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315-16 (11th Cir. 2011) (emphasis in original).  The "Supreme Court has articulated that it is the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (emphasis added) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)).

To state a claim for individual coverage, an employee must therefore allege he either (1) "worked for an instrumentality of interstate commerce" or (2) "regularly used the instrumentalities of interstate commerce, whether through interstate communication, travel or other means." *Villafana v. Feeding S. Fla., Inc.*, 2013 WL 2646729, *2 (S.D. Fla. 2013) (holding that the failure to allege these things constituted a failure to state a claim for individual coverage).

19017242v1 0968444

The Plaintiff's Complaint must allege a description of Plaintiff's duties as an employee "beyond the assertion that [employee] 'regularly was engaged in commerce or the production of goods for commerce'" in order to sufficiently establish individual coverage under the FLSA. *Burge v. Kings Realty Grp., LLC*, 2012 U.S. Dist. LEXIS 136053, *6 (M.D. Fla. 2012). The Complaint must contain factual allegations regarding the nature of Plaintiff's work. *See Ceant v. Aventura Limousine & Transp. Service, Inc.*, 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012) (granting the Defendant's motion to dismiss and stating that "[t]he primary problem is that the Complaint provides no factual allegations about the nature of [plaintiff's] work").

However, as indicated above, Plaintiff's Complaint merely alleges that "Defendant, LUNA DEVELOPMENT CORP. … engaged along with its employees in interstate commerce."[9] First, Plaintiff never alleges that Plaintiff specifically was engaged in interstate commerce but merely generally states that all of Defendants' employees engage in interstate commerce. Furthermore, there are no facts alleged regarding the nature of Plaintiff's work and no facts to establish that Plaintiff as Defendants' employee engaged in commerce. The only fact alleged is that Plaintiff was employed by Defendants as a "laborer."[10]

Additionally, even if Plaintiff's Complaint did contain factual allegations to support the legal conclusion that Plaintiff was engaged in commerce, the law is clear that "the fact that some of the tools [the laborer] purchased may have crossed state lines at a previous time does not in itself implicate interstate commerce. When goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the [FLSA] Act." *Thorne*, 448 F. 3d. at 1267.

---

[9] Plaintiff's Complaint, ¶ 4.
[10] Plaintiff's Complaint, ¶ 5.

For these reasons, Plaintiff's Complaint fails to properly allege that Plaintiff was engaged in commerce as his role as a laborer while employed by the Defendants and thus fails to properly allege individual coverage under the FLSA.

*(ii)    Plaintiff has not stated a claim for Enterprise Coverage under the FLSA.*

Enterprise coverage applies to an employer which: (1) has employees engaged in commerce or the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) has at least $500,000.00 of annually gross volume of sales or business done. *Polycarpe*, 616 F.3d at 1220 (citing 29 U.S.C. § 203(s)(1)(A)).  "Commerce" refers to interstate or foreign commerce. *See* 29 U.S.C. § 203(b) ("'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof.").

As with individual coverage, to state a claim for enterprise coverage a plaintiff must include some actual facts (and not merely labels or conclusions) plausibly connecting an employer's business to interstate commerce.  *See Sobinski v. Learning Connections of Pensacola, LLC*, 2014 WL 5092268, *2-*3 (N.D. Fla. 2014). The Complaint must state the nature of the employer's business as it relates to interstate commerce in order to sufficiently plead enterprise coverage. *See Ceant*, 874 F. Supp. 2d at 1377 (granting the Defendant's motion to dismiss and stating that "[t]he primary problem is that the Complaint provides no factual allegations about… the nature of [defendant's] business").

However, as indicated above, the Complaint only alleges that, "Defendant, LUNA DEVELOPMENT CORP., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of land development and construction… engaged

along with its employees in interstate commerce and has annual gross sales and/or business volume of $500,000 or more."[11] The Complaint does not contain any factual allegations of how Defendants' business in the "field of land development and construction" engages in interstate commerce. Nothing in this single paragraph details any facts connecting Defendants' business to interstate commerce. In fact, as stated in the allegation and read in conjunction with Plaintiff's job description as a "laborer", the only plausible interpretation is that the alleged business is all conducted in South Florida.

Plaintiff also does not identify any specific goods or materials allegedly used by Defendants' employees. Under the *Iqbal* and *Twombly* pleading standard, Plaintiff cannot simply rely on the vague assertion in paragraph 3 that Defendants' employees engaged in interstate commerce.

As in *Ceant*, the Complaint merely alleges the conclusory statement that Defendants "engaged… in interstate commerce."[12] Such an allegation is nothing more than the type of formulaic recitation of the elements of a claim the Supreme Court holds "will not do." *Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557).

For the reasons above, the allegations in Plaintiff's Complaint concerning enterprise coverage are insufficient and the Complaint must be dismissed.

### III.    CONCLUSION

For the reasons described above, Plaintiff has failed to state a claim under the FLSA and Defendants respectfully request that this Court dismiss Plaintiff's Complaint for failure to state a

---

[11] Plaintiff's Complaint, ¶ 3.
[12] Plaintiff's Complaint, ¶ 3.

19017242v1 0968444

claim upon which relief can be granted, and award such other relief or remedy as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Elliot Kozolchyk, Esquire, (ekoz@kozlawfirm.com), Counsel for Plaintiff, Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, Florida 33316.

Dated: March 25, 2015.

HINSHAW & CULBERTSON LLP
*Attorneys for Luna Development Group and David Medina*
One East Broward Boulevard, Suite 1010
Ft. Lauderdale, FL 33301
Telephone: 954-467-7900
Facsimile: 954-467-1024

/s/Cheryl L. Wilke _____
Cheryl L. Wilke
Florida Bar No. 893780
cwilke@hinshawlaw.com
Mary Beth Ricke
Florida Bar No. 107213
mricke@hinshawlaw.com
Daniel A. Krawiec
Florida Bar No. 59136
dkrawiec@hinshawlaw.com

19017242v1 0968444