UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-62611-CV-HURLEY/HOPKINS

**CLIFTON BERNARD BROWN,**

    **Plaintiff,**

v.

**LUNA DEVELOPMENT CORP. and
DAVID MEDINA,**

    **Defendants.**
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant Luna Development Corp. and David Medina's Motion to Dismiss Complaint [ECF No. 10].

Plaintiff Clifton Bernard Brown seeks to recover unpaid overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201. Plaintiff alleges that David Medina owned Luna Development Corp., a corporation "engaged in the field of land development and construction." Defendants employed Brown as a "laborer" but "refused to pay Plaintiff his legally-entitled wages."

Defendants move to dismiss,[1] arguing that Plaintiff's allegations are conclusory and that Defendants are not covered under the FLSA.

---

[1] Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

The FLSA protects employees "employed in an enterprise engaged in commerce or in the production of goods for commerce."[2] An enterprise engaged in commerce has "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."[3] "Commerce" must be "among the several States or between any state and any place outside thereof."[4] Such an enterprise must pay overtime compensation.[5]

Plaintiff asks the Court to "reasonably infer[]" that because Defendants "engaged in the field of land development and construction," its employees must have handled goods or materials that have been moved in interstate-commerce. The Court cannot make this inference. To claim enterprise coverage, Plaintiff must allege, for example, that the construction materials have come from out of state or that the improved land was being sold out of state.[6]

Defendant also argues that Plaintiff fails to allege how, beyond failure to pay, Defendants violated the FLSA. Defendant is correct. To claim a violation of the FLSA, Plaintiff must allege, for example, that he was required to work "off the clock,"[7] to work during lunch breaks,[8]

---

[2] 29 U.S.C. § 207(a)(1). Plaintiff claims this "enterprise coverage." *See* Comp. ¶ 3.

[3] 29 U.S.C. 203 (s)(1)(A)(i); *see Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1221 (11th Cir. 2010) (emphasizing that the "tense is in the past").

[4] 29 U.S.C. 203(b).

[5] *See* 29 U.S.C. § 207(a)(1).

[6] *See e.g., Scott v. K.W. Max Investments, Inc.*, 256 Fed. App'x 244, 248 (11th Cir. 2007) (holding that a plaintiff failed to show enterprise coverage when materials used in construction came from a local home improvement store and there was no allegation that constructed homes would be sold out of state).

[7] *Ealy-Simon v. Liberty Med. Supply, Inc.*, No. 05-14059-CIV, 2007 WL 7773834, at *2 (S.D. Fla. Feb. 12, 2007)

to work after he had "clocked out,"[9] to "show up earlier than their regular set schedule,"[10] or that Defendants "manipulate[ed] the [schedule] system."[11]  An allegation that Defendants failed to pay overtime wages is insufficient to withstand a motion to dismiss.

Accordingly, it is hereby

**ORDERED** and **ADJUDGED** that:

1. Defendant Luna Development Corp. and David Medina's Motion to Dismiss Complaint [ECF No. 10] is **GRANTED**.

2. Plaintiff Clifton Bernard Brown's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

   Plaintiff must file his Amended Complaint no later than **TWENTY (20) DAYS** from the date this Order is entered.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 12th day of May, 2015.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*

---

[8] *Laplante v. Terraces of Lake Worth Rehab. & Health Ctr., LLC*, No. 08-81089-CIV-JOHNSON, 2010 WL 384746, at *2 (S.D. Fla. Jan. 27, 2010)

[9] *Laplante v. Terraces of Lake Worth Rehab. & Health Ctr., LLC*, No. 08-81089-CIV-JOHNSON, 2010 WL 384746, at *2 (S.D. Fla. Jan. 27, 2010)

[10] *Gonzalez v. Winn-Dixie Stores, Inc.*, No. 14-20792-CIV, 2014 WL 4665468, at *1 (S.D. Fla. Sept. 18, 2014)

[11] *Mathis v. Darden Restaurants*, No. 12-61742-CIV, 2014 WL 4428171, at *1 (S.D. Fla. Sept. 1, 2014)